NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVID T. WELCH, ESQ., EXECUTOR OF THE ESTATE OF OSCAR A. KINCAID, JR. | : : : : | |
| Plaintiff, | : : | Civil Action No.  03-5044 (JAG) |
| v. | : : | **OPINION** |
| UNITED STATES OF AMERICA, | : : | |
| Defendant. | : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before the Court on the motion for summary judgment by Defendant United States of America, pursuant to FED. R. CIV. P. 56, and the cross-motion for summary judgment, pursuant to FED. R. CIV. P. 56, by Plaintiff David T. Welch, Esq., executor of the Estate of Oscar A. Kincaid, Jr. ("Plaintiff" or the "Estate").  For the reasons set forth below, Plaintiff's cross-motion will be denied and Defendant's motion will be granted.

**BACKGROUND**

The facts in this case are not in dispute.  The Estate of Oscar A. Kincaid, Jr. was required to file a tax return and pay its taxes on August 11, 2001.  The Internal Revenue Service ("IRS") granted the Estate's request for a six-month extension to February 11, 2002 to file and pay.  The Estate paid $419,000 on March 15, 2002 and filed a return on December 4, 2002.  The IRS assessed a late-filing penalty of $100,295.28, and a late-payment penalty of $16,715.88, later reduced to $4,178.97.  The Estate contests the assessment of these penalties.

The Estate alleges that it relied on the advice provided by former IRS employee Herbert Grossmueller, who was an Estate and Gift Tax Attorney at the IRS. Plaintiff offers a certification from Mr. Grossmueller which states that, in the performance of his employment at the IRS: 1) he advised Plaintiff's attorney, Mr. Walzer, that the Estate had received an extension to pay and file until February 11, 2002; 2) he advised Mr. Walzer that § 6161 permits an additional six-month extension for hardship; and 3) he advised Mr. Walzer that timely payments, made within extensions, obviate the assessment of a failure to file penalty.

## LEGAL STANDARD

**I.**   **Summary Judgment**

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury

could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir.1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts

immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

**II.     The reasonable cause exceptions to 26 U.S.C. § 6651(a)**

Statutory authorization for the assessment of penalties for late filing of tax returns and late payment of taxes is provided by 26 U.S.C. §§ 6651(a)(1) and (2). Both provisions contain a reasonable cause exception. The Supreme Court construed the reasonable cause exception under § 6651(a)(1) in United States v. Boyle, 469 U.S. 241, 245 (1985): "To escape the penalty, the taxpayer bears the heavy burden of proving both (1) that the failure did not result from 'willful neglect,' and (2) that the failure was 'due to reasonable cause.'" The Court further stated that "Congress obviously intended to make absence of fault a prerequisite to avoidance of the late-filing penalty." Id. at 247. The Third Circuit has held that the Boyle standard applies to 26 U.S.C. § 6651(a)(2) as well. East Wind Indus. v. United States, 196 F.3d 499, 504 n.5 (3d Cir. 1999).

**DISCUSSION**

**I.     Defendant's Motion for Summary Judgment**

   A.     The late-filing penalty.

The IRS imposes penalties for late filing of tax returns, pursuant to 26 U.S.C. § 6651(a)(1). Plaintiff argues on two grounds that the IRS improperly imposed the penalty for late filing: 1) the facts do not justify a penalty; and 2) the Estate is eligible for the "reasonable cause" exception to the penalty.

Plaintiff argues that there is no factual basis for imposition of a late-filing penalty, but this is incorrect. Plaintiff contends that 26 U.S.C. § 6161 sets forth the basis for the penalty.

4

This is also incorrect. The authority to impose a penalty for late filing, and the formula for calculating the penalty, are provided in 26 U.S.C. § 6651(a)(1). Plaintiff admits that the IRS extended the filing deadline only until February 11, 2002, and that the Estate did not file its return until December 4, 2002. Defendant argues, and Plaintiff does not dispute, that, in calculating the late-filing penalty, the IRS correctly applied the formula specified by 26 U.S.C. § 6651(a)(1). Plaintiff has given this Court no basis to conclude that the IRS lacked a proper factual basis for imposing the penalty for late filing.

Plaintiff argues next that the IRS should have found that the Estate had reasonable cause for the late filing, and should have excused the Estate from the penalty. Plaintiff contends that the IRS should have found reasonable cause because: 1) the Estate relied on the advice of IRS attorney Herbert Grossmueller; and 2) the Estate exercised ordinary business care and prudence.

The Grossmueller argument gains the Estate no ground. Even accepting as true, for the sake of discussion, the version of the story most favorable to Plaintiff – Grossmueller led them to believe the filing deadline was extended to June 11, 2002 – the Estate still filed its return on December 4, 2002 – over five months later than the date Grossmueller allegedly led them to believe was the deadline. Pursuant to the penalty formula in 26 U.S.C. § 6651(a)(1), this five-month delay still puts the filing penalty at the maximum 25% level, which is the same level the IRS used in its calculation.

The Estate next argues that the late filing was due to the exercise of ordinary business care and prudence. In support, the Estate only offers vague, unsubstantiated allegations. In the single paragraph on this point in its brief in opposition, the Estate points to no evidence to support its claim that the late filing was due to the exercise of ordinary business care and

prudence. (Pl.'s Opp. Br. 11-12.)

Under Boyle, to escape the penalty through the reasonable cause exception, the Estate bears a "heavy burden" and must show "absence of fault." Boyle, 469 U.S. at 245, 247. Plaintiff has failed to make a showing sufficient to establish reasonable cause. Rather, in the words of the Supreme Court, this is a "complete failure of proof." Celotex, 477 U.S. at 323. As the nonmovant, the Estate has failed to make any showing on an essential element of its case on which it bears the burden of proof – reasonable cause. As such, the moving party is entitled to judgment as a matter of law. Id.

Defendant has shown that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The IRS correctly imposed on the Estate a late-filing penalty of $100,295.28, pursuant to 26 U.S.C. § 6651(a)(1). Defendant's motion for summary judgment, as to the late-filing penalty, will be granted.

B.   The late-payment penalty.

The IRS imposes penalties for late payment of tax, pursuant to 26 U.S.C. § 6651(a)(2). Plaintiff presents a confused argument as to the penalty for late payment of tax. Much of the Estate's argument relies on the proposition that the Estate should have received a second extension of time to pay its tax. This, however, invokes a claim that the Estate has not properly made, that the IRS erroneously denied the Estate's second request for an extension. The Estate did not file a Complaint in this action asserting that the IRS erroneously denied the request for the second extension, nor did it ask this Court for review and reversal of that decision. This Court will not allow Plaintiff to argue a new cause of action in an opposition to a motion for summary judgment. As such, this Court will not address the question of whether the request for

a second extension should have been granted. The argument that the late payment penalty was improperly imposed because the request for a second extension should have been granted has not been properly asserted. The IRS did not grant the request for a second extension, and Plaintiff has not sought review of that decision. Any argument based on not receiving the second extension is procedurally improper.

The only procedurally proper arguments made by the Estate, as to the late-payment penalty, assert that the Estate qualifies for the "reasonable cause" exception to the penalty, pursuant to 26 U.S.C. § 6651(a)(2), due to its reliance on the advice of Grossmueller, as well as vague and unsubstantiated other reasons.

As alleged, Grossmueller's advice does not bear on the late payment penalty. The Estate contends that Grossmueller advised them that: 1) a sixth-month extension is permitted under § 6161; and 2) a payment made within the extension period would obviate the late-filing penalty. Even if true, neither piece of advice has any relevance to the late payment issue, nor to the Estate's claim of having reasonable cause for the late payment.

The Estate briefly offers an explanation for why it did not pay its tax on time:

> the Estate was unable to make the necessary calculations to determine the value of the major asset of the Estate because of lengthy negotiations with county and local government agencies to sell the major asset that would determine the value of that asset, and until the real property was sold, there were not sufficient other assets available to pay the estate tax liability.

(Pl.'s Opp. Br. 12.) This quote presents the Estate's explanation of the reasonable cause for the late payment – apart from the argument of reliance on the advice of Grossmueller – in its entirety. The Estate points to no evidence whatever to support these allegations.

As above, the Estate bears the heavy burden of proof that it was entitled to the reasonable

7

cause exception to the penalty provision of 26 U.S.C. § 6651(a)(2).  It has offered nothing to support an inference of reasonable cause, and the nonmovant may not defeat a motion for summary judgment by presenting unsubstantiated allegations.  Plaintiff has offered this Court no basis on which to find either that the Estate had a reasonable cause for its late payment, nor even that a genuine issue as to any material fact precludes summary judgment in favor of Defendant.

Again, this is a complete failure of proof.  The moving party is entitled to judgment as a matter of law.  Celotex, 477 U.S. at  323.  Defendant has shown that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  Plaintiff has not disputed the correctness of the IRS calculation of the penalty.  This Court determines that the IRS correctly imposed on the Estate a late-payment penalty of $4,178.97, pursuant to 26 U.S.C. § 6651(a)(2).  Defendant's motion for summary judgment, as to the late-payment penalty, will be granted.

## II.     Plaintiff's Cross-Motion for Summary Judgment

Plaintiff has cross-moved for summary judgment on the same issues raised by Defendant.  Because this Court will grant summary judgment in favor of Defendant, Plaintiff's cross-motion will be denied as moot.

## CONCLUSION

For the reasons stated above, this Court finds that Defendant has shown that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). This Court determines that the IRS properly assessed the Estate a late-filing penalty of $100,295.28, and a late-payment penalty of $16,715.88, later reduced to $4,178.97. Defendant's motion for summary judgment is granted. Plaintiff's cross-motion for summary judgment is denied.

    S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: May 3, 2006